No. 2900

**Second Circuit**

———

## WOODARD v. BROWN, JR.

———

(March 24, 1930.  Opinion and Decree.)
(April 10, 1930.  Rehearing Refused.)

———

W. U. Richardson, of Arcadia, attorney for plaintiff, appellant.

R. L. Williams, of Arcadia, attorney for defendant, appellee.

ODOM, J.  In the year 1920, plaintiff delivered to defendant four bales of cotton alleged to be worth $312.75, which cotton plaintiff claims to have been deposited with defendant to be held by him subject to further orders, and it is claimed that defendant has never accounted for said cotton.  The present suit is to recover the value thereof.  Defendant admits that he received the cotton, but contends that the same was to be sold by him in due course and the proceeds applied to the payment of an account which plaintiff owed him.  The district court rejected plaintiff's demands, and he has appealed.

The plaintiff, his wife and son, each testified that the four bales of cotton were delivered to defendant as alleged.  Defendant admits that.  The only question, therefore, is whether defendant has properly accounted for the cotton.  Plaintiff filed in evidence a document marked "Plaintiff 2" which showed his indebtedness to defendant, who was at that time a credit merchant, in the sum of $402.79, for goods and merchandise.  This account shows four credits; one for $60, for hauling oil; one for $95; one for $94.15; and one for $86.50—these being for the proceeds of cotton.  Defendant alleged and testified that, in the fall of 1920, he purchased from plaintiff seven bales of cotton, and that he paid cash for two of them.  The $95 credit on the account, he testified, was for one bale of cotton which he received at the same time that he received the two bales for which he paid in cash.  The other two credits of $94.15 and $86.50, he testified, were the proceeds of the four bales of cotton which plaintiff is now claiming.  According to defendant's testimony, therefore, he has accounted for the four bales of cotton, or the proceeds thereof, which plaintiff claims.  While plaintiff, his wife, and his son each testified that defendant had rendered no accounting for the four bales of cotton in controversy, yet the testimony of defendant and the account filed in evidence by plaintiff show conclusively that plaintiff has received full credit for the proceeds

of the cotton. Plaintiff testified that he had sold three bales of cotton to defendant, but did not say whether he received cash or credit on his account for the proceeds of them, although his son testified that they were turned over on his father's account. But defendant testified positively that he had paid cash for two of the bales, and plaintiff, after hearing this testimony, was not called in rebuttal, and did not deny defendant's testimony to this effect.

Our conclusion is that the district judge made no error in his finding that defendant had accounted for the cotton in controversy, and the judgment appealed from is accordingly affirmed, with costs in both courts.